BEFORE THE SECOND DIVISION, OCTOBER 21, 1955

**No. 59371.**—Fred M. Reineman Co. *v.* United States, protests 202082–K, 228135–K, and 251920–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited,* and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiff was sustained.

**No. 59372.**—Fabrikant Steel Products, Inc. *v.* United States, protest 244869–K (New York).

Opinion by LAWRENCE, J. It was stipulated that the aluminum sheets, strips, and bars are articles of which nonferrous metal is the component material of chief value, other than ores, concentrates, or crude metal; that said articles were imported to be used in remanufacture by melting and that 171,910 pounds of the quantity of 308,049 pounds were so used; and that there had been compliance with the regulations of the Secretary of the Treasury pursuant to Public Law 869, *supra.* Upon the agreed statement of facts, it was held that the 171,910 pounds of aluminum sheets, strips, and bars come within the provisions of Public Law 869, *supra,* and are properly entitled to free entry.

OCTOBER 14, 1955

**No. 59373.**—Paris Leather Co. *v.* United States, protests 253301–K and 253302–K.— ————Abstract 59195. Plaintiff's application for rehearing granted.